UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DARWIN IV,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-0740 AC<br><br><br><br>ORDER |

This case was referred to the undersigned by E.D. Cal. R. 302(c)(15). Before the court is defendant Colvin's ("the Commissioner") motion to reconsider the court's order granting plaintiff's motion for summary judgment and remanding for the determination of benefits. ECF No. 27. For the reasons discussed below, the court will deny the Commissioner's motion.

I. LEGAL STANDARD

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)).

However, "amending a judgment after its entry remains an extraordinary remedy which should be

1

used sparingly." Allstate, 634 F.3d at 1111 (internal quotation marks omitted).  Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources."  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II.  PROCEDURAL BACKGROUND

On March 21, 2014, plaintiff filed this action seeking reversal of the Commissioner's decision to deny him benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f.  ECF No. 1.  On July 6, 2015, the court granted plaintiff's subsequent motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, reversed the Commissioner's decision, and remanded the matter to the Commissioner for the immediate calculation and award of benefits.  ECF No. 25.  The court found that the Administrative Law Judge ("ALJ") improperly rejected the opinion of plaintiff's treating physician, and improperly rejected plaintiff's testimony regarding his limitations.  The court further concluded that, crediting the testimony and opinion as true, plaintiff was disabled.  The court therefore remanded for payment of benefits, principally under the authority of Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004) and Lester v. Chater, 81 F.3d 821 (9th Cir. 1995).

On August 3, 2015, the Commissioner moved to alter or amend the court's judgment.  ECF No. 27.  The motion argues only the first Allstate ground, and is based upon the Commissioner's view that it was legal error to remand for payment of benefits rather than for further proceedings.  Plaintiff opposes the motion for reconsideration.  ECF No. 28.

## III.  ANALYSIS

The court will deny the Commissioner's motion because its order remanding for the payment of benefits is not based on a manifest error of law.  As the Commissioner correctly argues, the Ninth Circuit law governing remand for payment of benefits has been further developed beyond the cases cited by the court in its decision.  However, that further development does not compel a different result in this case.  The Ninth Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to the Commissioner with instructions to calculate and award benefits:

////

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). There is "flexibility" built into the rule, however. Specifically, even if all three above factors are satisfied, the court should still remand for further proceedings, rather than for an award of benefits "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021.

However, "where the record has been fully developed and where further administrative proceedings would serve no useful purpose," remand for the payment of benefits is warranted. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012) (remanding for immediate payment of benefits where, as here, "there are no outstanding issues to be resolved," the complete record shows that plaintiff "is likely to miss multiple days of work per month," and "[t]he vocational expert testified that a person with Brewes' characteristics who would miss that much work was not employable.")

Although the court's decision did not specifically list the Garrison factors, the court considered those factors in determining that the matter should be remanded for the immediate calculation and payment of benefits. See ECF No. 25 at 27 (citing the equivalent Benecke standard requiring that "there are no outstanding issues that must be resolved before a determination of disability can be made"), 23 (finding the ALJ rejected medical opinion without meeting the applicable standard of Tomasettit v. Astrue, 533 F.3d 1035 (9th Cir. 2008)), 26-27 (crediting the opinion and testimony as true, plaintiff is disabled). The record as a whole does not create "serious doubt" that plaintiff is, in fact, disabled, warranting dismissal under Garrison.

The Commissioner's motion offers no reason for the court to alter its judgment other than disagreement with the court's decision. This court has already rejected the Commissioner's argument, offered in her cross-motion for summary judgment, that "[s]hould the Court overturn the agency's decision, the proper remedy is a remand for further administrative proceedings."

See ECF No. 21 at 21-22. The motion for reconsideration will be denied where, as here, the Commissioner offers mere disagreement with the court's decision, and recapitulates the arguments it made before the court in its cross-motion for summary judgment. See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (rejecting Rule 59(e) motion where plaintiff's "arguments on reconsideration simply recapitulate her original argument").

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Commissioner's Motion to Alter or Amend Judgment (ECF No. 27), is DENIED.

DATED: December 3, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE